# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, BOARD OF TRUSTEES, INTERNATIONAL TRAINING INSTITUTE FOR THE SHEET METAL AND AIR CONDITIONING INDUSTRY, BOARD OF TRUSTEES, SHEET METAL OCCUPATIONAL HEALTH INSTITUTE TRUST, BOARD OF TRUSTEES, NATIONAL ENERGY MANAGEMENT INSTITUTE<br><br>8403 Arlington Boulevard<br>Fairfax, Virginia 22031<br><br>  Plaintiffs,<br><br>v.<br><br>JTL AIR CONDITIONING & REFRIGERATION, INC.<br><br>2761 Vista Parkway<br>Suite E-7<br>West Palm Beach, FL 33411<br><br>and<br><br>JTL MECHANICAL SERVICES, INC.<br><br>2761 Vista Parkway<br>Suite E-7<br>West Palm Beach, FL 33411<br><br>Agent for Service:<br>US Corporation Agents, Inc.<br>13302 Winding Oak Court<br>Suite A<br>Tampa, FL 33612<br><br>Defendants. | Civil Action No. 1:19-cv-169<br><br><br><br>**Additional Required Service under 29 U.S.C. § 1132(h) to:**<br><br>**U.S. Department of Labor**<br>**Attn: Assistant Solicitor**<br>**for Plan Benefits Security**<br>**200 Constitution Ave., N.W.**<br>**Washington, DC 20002**<br><br>**U.S. Department of Treasury**<br>**Attn: Secretary of the Treasury**<br>**1500 Pennsylvania Avenue, NW**<br>**Washington, D.C. 20220** |

1

## COMPLAINT FOR CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, AUDIT FEES, AND ATTORNEYS' FEES AND COSTS

Plaintiffs, the separate and individual Boards of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Sheet Metal Occupational Health Institute Trust ("SMOHIT"), and the National Energy Management Institute Committee ("NEMIC" and together with NPF, ITI, and SMOHIT, referred to as "the Funds"), hereby complain as follows:

### Introduction

1. This is a civil action brought by employee benefit plans/trust funds or joint-labor management organizations, and by the trustees of the Funds, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, *as amended* ("LMRA"), 29 U.S.C. § 185. The Funds seek a monetary judgment against Defendants awarding delinquent contributions, accrued interest, liquidated damages, audit fees, and attorneys' fees and costs, as well as those amounts that become due and owing through the date of judgment, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the collective bargaining agreement, and the Trust Documents governing the Funds.

### Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Plaintiff Funds are administered in this district with their principal place of business in Fairfax,

Virginia. Venue is also properly laid in this district because it is here that Defendants breached the relevant provisions of the collective bargaining agreement, and consequentially violated Section 515 of ERISA, 29 U.S.C. § 1145, because it is within this district that the relevant provisions of the collective bargaining agreement are required to be performed.

4. Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this Complaint will be served upon the Secretary of United States Department of Labor and the Secretary of the United States Department of the Treasury by certified mail on or about the date of filing.

**Parties**

5. Plaintiff Board of Trustees, Sheet Metal Workers' National Pension Fund ("NPF") is the collective name of the trustees of the Sheet Metal Workers' National Pension Fund. The NPF is an employee pension benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. § 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The NPF is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The trustees of the NPF are duly authorized trustees whose duty it is to administer the NPF for the benefit of the participants and beneficiaries of the NPF. The trustees are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its trustees and plan are individually or jointly referred to as "NPF" in this Complaint. The NPF is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

6. Plaintiff Board of Trustees, International Training Institute of the Sheet Metal and Air Conditioning Industry ("ITI") is the collective name of the trustees of the International Training Institute of the Sheet Metal and Air Conditioning Industry. ITI is an employee welfare benefit plan within the meaning of Sections 3(1) and (3) of ERISA, 29 U.S.C. § 1002(1), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing apprenticeship training and educational benefits to eligible employees. ITI is, and at all times material herein has been a jointly administered trust fund established pursuant to Section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6). The trustees of ITI are duly authorized trustees whose duty it is to administer the plan for the benefit of the participants and beneficiaries of ITI. The trustees of ITI are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its trustees and plan are individually and jointly referred to as "ITI" in this Complaint. ITI is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

7. Plaintiff Board of Trustees, Sheet Metal Occupational Health Institute Trust ("SMOHIT") is collectively the name of the trustees of the Sheet Metal Occupational Health Institute Trust. SMOHIT a jointly labor-management health and safety organization serving the sheet metal industry established under 29 U.S.C. § 186(c)(9). The trust and its trustees are individually and jointly referred to as "SMOHIT" in this Complaint. SMOHIT is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

8. Plaintiff Board of Trustees, National Energy Management Institute Committee ("NEMIC") is the collective name of the trustees of the National Energy Management Institute

Committee. NEMIC is a labor management committee established pursuant to Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9), that is funded by contributions under various collective bargaining agreements. The committee and its trustees are jointly and severally referred to as "NEMIC" in this Complaint. NEMIC is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

9.  The trustees of the Plaintiff Funds bring this action in their collective names or, as necessary or appropriate, in the name of the respective trusts or plans, and their participants, and beneficiaries pursuant to Federal Rule of Civil Procedure 17.

10.  At all times relevant to this action, Defendant JTL Air Conditioning & Refrigeration, Inc. ("JTL Air Conditioning") has been an employer within the meaning of 29 U.S.C. § 152(2), and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). Upon information and belief, at all times relevant to this action, JTL Air Conditioning has been incorporated in the state of Florida with a principal place of business at 2761 Vista Parkway, Suite E-7, West Palm Beach, FL 33411.

11.  At all times relevant to this action, Defendant JTL Mechanical Services, Inc. ("JTL Mechanical") has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). Upon information and belief, at all times relevant to this action, JTL Mechanical has been incorporated in the state of Florida with a principal place of business at 2761 Vista Parkway, Suite E-7, West Palm Beach, FL 33411.

**Factual Background**

**Collective Bargaining Agreements and Funds' Governing Documents**

12. At all times relevant to this action, JTL Air Conditioning's employees were represented for the purposes of collective bargaining by the Sheet Metal Workers' International Association, Local Union No. 32 ("Local 32") a labor organization representing employees in an industry affecting interstate commerce.

13. At all times relevant to this action, JTL Air Conditioning was signatory to, and bound by, a collective bargaining agreement ("CBA" or "Agreement") with the Local 32. Pursuant to the Agreement, JTL Air Conditioning was obligated to submit monthly remittance reports and fringe benefit contributions to the Funds for all hours worked or paid on behalf of their covered employees within the jurisdiction of Local 32.

14. Although JTL Mechanical is not signatory to the CBA with Local 32, JTL Mechanical is an alter ego of JTL Air Conditioning and/or constitutes a single employer with JTL Air Conditioning and thus is obligated to contribute to the Funds for covered employees.

15. JTL Air Conditioning was incorporated in the state of Florida in March 2005 and, after allowing their corporate standing to lapse, its corporate status was later reinstated in October 2017.

16. JTL Mechanical was incorporated in the state of Florida in March 2017.

17. At all relevant times, Defendants JTL Air Conditioning and JTL Mechanical shared an interrelation of operations, common management, centralized control of labor relations, business purpose, equipment, customers, and common ownership. Specifically:

    a. Jeffery T. Lane is the President of both Defendant corporations;

    b. Elizabeth E. Lane is a principal officer for both Defendant corporations;

    c.  Defendants employ the same classification or similar classification of employees, those employees have the same or similar training, and Defendants perform the same type of work in the same industry in the same geographic market;

    d.  Defendants share the same address as listed on their corporate filings; and

    e.  Defendants have an overlapping workforce, where some employees work interchangeably between the two companies.

  18.  JTL Mechanical was established for the purpose of evading JTL Air Conditioning's obligations under its collective bargaining agreement, including its obligation to remit pension contributions.

  19.  As an alter ego of JTL Air Conditioning, JTL Mechanical is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), bound to the CBA with Local 32, and jointly and severally liable for any obligations of JTL Air Conditioning arising from the CBA.

  20.  Pursuant to the CBA, JTL Air Conditioning and JTL Mechanical are obligated to abide by the terms and conditions of the Trust Agreements establishing the Funds, including any amendments thereto and policies and procedures adopted by the Boards of Trustees ("Trust Document").

  21.  Payments due to the Funds are calculated separately for each Fund on remittance reports required to be prepared monthly by each contributing employer. This is a self-reporting system and the Funds rely on the honesty and accuracy of employers in reporting hours worked and paid, and in reporting the contributions owed for work by employees.

22. Without the information contained in the remittance reports, the Funds cannot determine the entire amount of the monthly contributions due to the Funds or the employees' eligibility for benefits.

23. The completed remittance reports and accompanying contribution payments must be submitted to the Funds no later than the twentieth (20th) day after the end of each month during which covered work was performed and are delinquent if received thereafter.

24. Section 3 of the governing NPF Trust Document and Section V of NPF's Procedures for the Collection of Contributions Collection Policy both provide that the Funds may audit a contributing employer for the purposes of assuring the accuracy of reports and ensuring that such employer has remitted the appropriate amount of contributions to the Funds.

25. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Agreement, the Trust Documents, and Section 301 of the LMRA, 29 U.S.C. § 185, if an employer fails to timely submit the contractually required remittance reports and contribution payments, and the Funds file a lawsuit to recover the unpaid contributions, the delinquent employer is required to pay the following amounts to the Funds:

    a. Interest on the delinquent contributions at a rate of .0233% per day, compounded daily;

    b. Liquidated damages equal to the greater of: fifty dollars ($50.00) or ten percent (10%) of the contributions paid after the due date for payment of such contributions, but before litigation is initiated;

    c. Liquidated damages equal to the greater of interest on the delinquent contributions at the above rate or twenty percent (20%) of the delinquent contributions owed upon commencement of litigation; and

    d.  The attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts, including the attorneys' fees and costs in this action.

### Audit

26. On September 29, 2016, the Funds conducted an audit of JTL Air Conditioning for the period of October 2014 through December 2015 (the "Audit") to ensure that JTL Air Conditioning remitted contributions to the Funds in accordance with the CBA. The Audit revealed that JTL Air Conditioning failed to make all the required contributions to the Funds, despite its obligation to do so under the Agreement, Trust Documents, Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

27. Specifically, the Audit revealed that JTL Air Conditioning owes contributions in the amount of $127,126.90 for the period of October 2014 through December 2015. In addition to the contribution amounts found due, JTL Air Conditioning owes $45,366.77 in interest (calculated through February 15, 2019), $25,425.38 in liquidated damages, and $1,230.00 in audit testing fees. In total, JTL Air Conditioning owes $199,149.05 to the Funds pursuant to the Audit.

28. JTL Mechanical is jointly and severally liable for these amounts due as an alter ego of JTL Air Conditioning.

### Delinquent Reports

29. Additionally, the Fund's records show that JTL Air Conditioning has failed to comply with its statutory and contractual obligations to provide remittance reports and contributions to the Funds on behalf of its covered employees for the period from January 2016 through December 2018.

30. Because Defendant failed to submit remittance reports, the amounts owed for January 2016 through December 2018 are estimated using the hours worked in December 2015 as confirmed by the Audit.

31. Defendant owes an estimated $49,046.36 in contributions, $6,559.18 in interest (calculated through February 15, 2019), and $9,809.27 in liquidated damages for the unreported months of January 2016 through December 2018.

32. JTL Mechanical is jointly and severally liable for these amounts due as an alter ego of JTL Air Conditioning.

### Prior Judgment

33. Because it is an alter ego, JTL Mechanical is also jointly and severally liable for a prior judgment against JTL Air Conditioning.

34. The Funds filed a previous suit against JTL Air Conditioning in this Court on April 4, 2016 for unpaid contributions, interest, and liquidated damages due for the period of August 2015 through February 2016. *See* Case No. 1:16-cv-393-JCC-TCB.

35. JTL Air Conditioning failed to file an answer or other responsive pleading and the Funds filed a motion for default judgment on July 20, 2016. *See* Case No. 1:16-cv-393-JCC-TCB; Dkt. No. 15.

36. The Funds' motion was granted and judgment by default was entered against JTL Air Conditioning on November 2, 2016 in the amount of $16,633.48. *See* Dkt. No. 22. JTL Air Conditioning has not appealed this judgment.

37. JTL Air Conditioning has failed to make any payment on the judgment and the entire amount of the judgment plus post judgment interest remain outstanding. JTL Mechanical is jointly and severally liable for the judgment amounts.

## Count I - Audit Amounts

38. Plaintiffs reallege and incorporate Paragraphs 1 through 37.

39. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

40. JTL Air Conditioning is obligated, under the terms of the CBA, to provide contributions to the Funds on behalf of its covered employees. JTL Air Conditioning has failed and refused to fulfill its contractual obligations for owed contributions and resulting interest and liquidated damages as demonstrated by an audit conducted on JTL Air Conditioning by the Funds on September 29, 2016 for the period of October 2014 through December 2015. The audit revealed that JTL Air Conditioning owes contributions, interest, and liquidated damages to the Funds for certain months during the audit period. While contributions remain unpaid, interest continues to accrue on these delinquent contributions and audit fees have been assessed pursuant to the Funds' governing documents.

41. The Audit revealed that JTL Air Conditioning owes contributions in the amount of $127,126.98 for the audit period of October 2014 through December 2015. In addition to the contribution amounts found due, JTL Air Conditioning owes $45,458.94 in interest (calculated through January 25, 2019), $25,425.40 in liquidated damages, and $1,230.00 in audit testing fees. In total, JTL Air Conditioning owes $199,241.32 to the Funds for unpaid contributions, interest, liquidated damages, and audit testing fees pursuant to the Audit.

42. Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Funds' governing documents, Plaintiffs are entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

43. JTL Air Conditioning's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Funds, endangered the eligibility of covered members' pension benefits, and other harm. JTL Air Conditioning's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

44. JTL Air Conditioning and JTL Mechanical are alter egos and/or constitute a single employer. As such, JTL Mechanical is jointly and severally liable for the audit amounts due.

### Count II - Missing Reports

45. Plaintiffs reallege and incorporate Paragraphs 1 through 44.

46. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

47. JTL Air Conditioning is obligated, under the terms of the CBA, to provide remittance reports and contributions to the Funds on behalf of its covered employees. JTL Air Conditioning has failed and refused to fulfill its contractual obligations for owed reports, contributions and resulting interest and liquidated damages for the period of January 2016 through December 2018. Because Defendant did not report hours work to the Fund for this period, amounts owed are estimated based on the hours worked in December 2015 as confirmed by the Audit.

48. Defendant owes an estimated $49,046.36 in contributions, $6,559.18 in interest (calculated through February 15, 2019), and $9,809.27 in liquidated damages for the unreported months of January 2016 through December 2018.

49. Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Funds' governing documents, Plaintiffs are entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

50. JTL Air Conditioning's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Funds, endangered the eligibility of covered members' pension benefits, and other harm. JTL Air Conditioning's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

51. JTL Air Conditioning and JTL Mechanical are alter egos and/or constitute a single employer. As such, JTL Mechanical is jointly and severally liable for the audit amounts due.

### Count III - Prior Judgment

52. Plaintiffs reallege and incorporate Paragraphs 1 through 51.

53. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

54. A judgment of $16,633.48 was entered against JTL Air Conditioning in this Court on November 2, 2016 under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185 for unpaid contributions, interest, and liquidated damages due for the period of August 2015 through February 2016.

55. JTL Air Conditioning has failed to make payment on the judgment and the entire amount plus post judgment interest at a rate of 8.5% per year remains outstanding.

56. JTL Air Conditioning's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Funds, endangered the eligibility of covered members' pension benefits, and other harm. JTL Air Conditioning's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

57. JTL Air Conditioning and JTL Mechanical are alter egos and/or constitute a single employer. As such, As such, JTL Mechanical is jointly and severally liable for the prior judgment.

**WHEREFORE**, Plaintiffs request a judgment against Defendants for all amounts due to the Funds as follows:

1. Declare that JTL Air Conditioning and JTL Mechanical are alter-egos and/or constitute a single employer and are joint and severally liable for each other's debts;

2. Declare that JTL Air Conditioning and JTL Mechanical are delinquent in remitting owed contributions to the Funds pursuant to the Agreement and Trust Document;

3. Declare that JTL Air Conditioning and JTL Mechanical are delinquent in submitting remittance reports for the periods described herein and Order Defendants to pay the corresponding outstanding contributions, interest, and liquidated damages for these delinquent months;

4. Award Plaintiffs on behalf of the Funds a judgment against Defendants for delinquent contributions resulting from the Audit for the period of October 2014 through December 2015 in the amount of $127,126.98, interest at a rate of .0233%, compounded daily, from the date due until the date paid or the date of the judgment in the amount of at least $45,458.94, liquidated damages in an amount equal to the greater of interest on the delinquent contributions calculated at the above rate, or 20% of the delinquent contributions in the amount of at least $25,425.40, and audit fees in the amount of $1,230.00;

5. Enter judgment against Defendants for estimated delinquent contributions for the period of January 2016 through December 2018 in the amount of $49,046.36, interest at a rate of .0233%, compounded daily, from the date due until the date paid or the date of the judgment in the amount of at least $6,559.18, and liquidated damages in an amount equal to the greater of

interest on the delinquent contributions calculated at the above rate, or 20% of the delinquent contributions in the amount of at least $9,809.27;

      6.     Order Defendants to provide all outstanding reports for the period of January 2016 through December 2018 and remit any contributions due in excess of the estimated amounts awarded, including any resulting interest and liquidated damages due;

      7.     Enter judgment against JTL Mechanical for the prior judgment against JTL Air Conditioning in the amount of $16,633.48, plus post judgment interest;

      8.     Require Defendants to satisfy the prior judgment against JTL Air Conditioning;

      9.     Enter judgment against Defendants for all attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts as provided by Section 502(g) of ERISA; and

      10.    Award such other relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Diana M. Bardes
Diana Bardes (Bar No. 81831)
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, D.C. 20036
(202) 783-0010
(202) 783-6088 facsimile
dbardes@mooneygreen.com
Counsel for Plaintiff Funds

Dated: February 12, 2019

**CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)**

I hereby certify that on this 12th day of February, 2019, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, AUDIT FEES, ATTORNEYS FEES, AND COSTS was served via certified mail on:

    U.S. Department of Labor
    Attn: Assistant Solicitor for Plan Benefits Security
    200 Constitution Ave., N.W.
    Washington, DC 20002

    U.S. Department of Treasury
    Attn: Secretary of the Treasury
    1500 Pennsylvania Avenue, NW
    Washington, D.C. 20220

                                              _____/s/ Diana M. Bardes_____
                                              Diana M. Bardes