IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JTL AIR CONDITIONING & REFRIGERATION, INC., *et al.*, <br><br> Defendants. | Civil No. 1:19-cv-00169-LMB-MSN |

**REPORT & RECOMMENDATION**

This matter comes before the Court on plaintiffs' Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b) (Dkt. No. 7).[1] Having reviewed the record and the pleadings, the undersigned Magistrate Judge recommends entering default judgment in the Funds' favor for the reasons that follow.

**I.   Procedural Background**

On February 12, 2019, the Funds filed the instant action against defendants JTL Air Conditioning & Refrigeration, Inc. ("JTL Air") and JTL Mechanical Services, Inc. ("JTL Mechanical") to collect delinquent contributions, liquidated damages, audit testing fees, interest, late fees, and attorney's fees and costs. Compl. (Dkt. No. 1) ¶¶ 38-57. On February 14, 2019, a summons was executed on Shari Vance, who was designated by law to accept service of process

---

[1] Plaintiffs include Boards of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Sheet Metal Workers' Occupational Health Institute Trust ("SMOHIT"), and the National Energy Management Institute Committee ("NEMIC") (collectively, the "Funds").

on JTL Mechanical, and on March 13, 2019, a summons was served on Jeff Lane, who was designated by law to accept service of process on behalf of JTL Air (Dkt. No. 3). Under Fed. R. Civ. P. 12(a), a responsive pleading was due twenty-one (21) days after delivery of the pleadings; however, defendants failed to file a responsive pleading in a timely manner. On April 9, 2019, the Funds filed a Request for Clerk's Entry of Default (Dkt. No. 4), which the Clerk of Court filed on April 11, 2019 (Dkt. No. 5).

Accordingly, on April 23, 2019, the Funds filed a Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b) (Dkt. No. 7), along with a Brief in Support of Plaintiffs' Motion for Default Judgment (Dkt. No. 8) and a Notice of Hearing on Plaintiffs' Motion for Default Judgment (Dkt. No. 9). The Funds' motion was supported with three declarations from Kenneth Anderson, Jr., Marcus Braswell, and Diana M. Bardes (Dkt. Nos. 8-1 through 8-3). On May 17, 2019, counsel for the Funds appeared at the hearing on their motion for default judgment and no one appeared on behalf of defendants (Dkt. No. 11).

**II.    Factual Background**

The following facts are established by the Complaint and the memorandum in support of the Funds' motion for default judgment, as well as by the supporting declarations.

NPF and ITI are employee benefit plans within the meaning of Sections 3(1)-(3) of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. § 1002(1)-(3), as well as multiemployer plans within the meaning of Section 3(37)(A) of ERISA, *id.* at § 1002(37)(A). Compl. (Dkt. No. 1) ¶¶ 5-6. They are also jointly administered trust funds established pursuant to Section 302(c)(5), (6) of the Labor Management Relations Act of 1947, as amended, ("LMRA"), 29 U.S.C. § 186(c)(5), (6). *Id.* SMOHIT is a joint labor-management health and safety organization within the meaning of 29 U.S.C. § 186(c)(9). *Id.* at ¶ 7. Lastly, NEMIC is

a labor management committee within the meaning of the LMRA, 29 U.S.C. § 186(c)(9). *Id.* at ¶ 8. The Funds are administered in Fairfax, Virginia. *Id.* at ¶¶ 5-8. At all relevant times, defendants have been employers "engaged in an industry affecting commerce." *Id.* at ¶¶ 10-11. Defendants are incorporated in Florida. *Id.*

JTL Air employed at least one employee represented for the purposes of collective bargaining by the Local Union 32 of the Sheet Metal Workers' International Association, a labor organization representing employees in an industry affecting commerce. *Id.* at ¶ 12. JTL Air is a signatory to a collective bargaining agreement with Local 32 (the "Agreement"), which requires JTL Air to submit monthly remittance reports and fringe benefit contributions to the Funds for all hours worked or paid on behalf of its covered employees. *Id.* at ¶ 13. Pursuant to the Agreement, JTL Air is further obligated to abide by the terms and conditions of the Trust Agreements establishing the Funds ("Trust Documents"). *Id.* at ¶ 20.

Although JTL Mechanical is not a signatory to the Agreement, "JTL Mechanical is an alter ego of JTL Air[] and/or constitutes a single employer with JTL Air[] and thus is obligated to contribute to the Funds for covered employees." *Id.* at ¶ 14. Specifically, defendants were incorporated in Florida and share "an interrelation of operations, common management, centralized control of labor relations, business purpose, equipment, customers, and common ownership." *Id.* at ¶¶ 15-17. JTL Mechanical was specifically established to evade JTL Air's obligations under the Agreement. *Id.* at ¶ 18. Accordingly, as an alter ego, JTL Mechanical is bound to the Agreement and is jointly and severally liable for JTL Air's obligations arising from the Agreement. *Id.* at ¶ 19.

Payments owed to the Funds are based on separate remittance reports, which is a self-reporting system that relies on the honesty and accuracy of employers in reporting hours worked

3

and paid as well as in reporting owed contributions. *Id.* at ¶ 21. Without such reports, the Funds are unable to determine the entire amount of monthly contributions due to the Funds or the employees' eligibility for benefits. *Id.* at ¶ 22. Pursuant to the Trust Documents, the Funds may audit a contributing employer for the purpose of assuring the accuracy of the reports and that the employer remitted the appropriate amount of contributions to the Funds. *Id.* at ¶ 24.

Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Agreement, the Trust Documents, and Section 301 of the LMRA, 29 U.S.C. § 185, if JTL Air fails to timely submit the contractually required remittance reports and contribution payments, and the Funds file a lawsuit to recover the unpaid contributions, JTL Air is required to pay the following amounts:

    a.    Interest on the delinquent contributions at a rate of .0233% per day, compounded daily;

    b.    Liquidated damages equal to the greater of: fifty dollars ($50.00) or ten percent (10%) of the contributions due for each month of contributions that the Company fails to pay within 30 days after the due date, but pays before any lawsuit is filed;

    c.    Liquidated damages equal to the greater of interest on the delinquent contributions at the above rate or liquidated damages equal to twenty percent (20%) of the delinquent contributions owed upon commencement of litigation; and

    d.    The attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts, including the attorneys' fees and costs in this action.

*Id.* at ¶ 25.

The Funds bring this action under Sections 502(a)(3), (d)(1), (g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145, and under Section 301(a) of LMRA, 29 U.S.C. § 185. *Id.* at ¶ 1. The Funds allege three counts against defendants seeking owed payments pursuant to an audit conducted from October 2014 through December 2015 (Count I), payments based on estimated remittance reports for January 2016 through December 2018 (Count II), and payments for a prior judgment entered in this court on November 2, 2016 (Count III).

### Count I—Failure to Make Timely Payments for Audit Amounts

On September 29, 2016, the Funds performed an audit that revealed that JTL Air owes contributions, interest, and liquidated damages for the period of October 2014 through December 2015. Compl. (Dkt. No. 1) ¶ 40. Specifically, the audit revealed that JTL Air owes $127,126.98 in contributions, $45,458.94 in interest (calculated through January 25, 2019), $25,425.40 in liquidated damages, and $1,230.00 in audit testing fees. *Id.* at ¶ 41. In total, JTL Air owes the funds $199,241.32 for unpaid contributions, interest, liquidated damages, and audit testing fees. *Id.* Because JTL Air and JTL Mechanical are alter egos, JTL Mechanical is jointly and severally liable for those amounts. *Id.* at ¶ 44.

### Count II—Failure to Make Timely Payments for Missing Reports

The Funds allege that JTL Air failed to submit remittance reports and contributions for the period of January 2016 through December 2018. Compl. (Dkt. No. 1) ¶ 47. Because JTL Air failed to report the hours worked during that time, amounts owed are estimated based on the hours worked in December 2015, as confirmed by the audit. *Id.* Specifically, the Funds allege that JTL Air owes an estimated $49,046.36 in contributions, $6,559.18 in interest (calculated through February 15, 2019), and $9,809.27 in liquidated damages, totaling to $65,414.81. *Id.* at ¶ 48. Because JTL Air and JTL Mechanical are alter egos, JTL Mechanical is jointly and severally liable for those amounts. *Id.* at ¶ 50.

### Count III—Failure to Make Timely Payments on Prior Judgment

The Funds allege that a judgment of $16,633.48 was entered against JTL Air in this court on November 2, 2016 (the "November 2016 Judgment") under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of LMRA, 29 U.S.C. § 185 for unpaid contributions, interest, and liquidated damages for the period of August 2015 through February

2016. Compl. (Dkt. No. 1) ¶ 54. JTL Air has failed to make payment on the judgment, meaning that the entire amount plus post-judgment interest at a rate of 8.5% per year remains outstanding. *Id.* at ¶ 55. Because JTL Air and JTL Mechanical are alter egos, JTL Mechanical is jointly and severally liable for those amounts. *Id.* at ¶ 57.

### III. Jurisdiction and Venue

Jurisdiction and venue over ERISA and LMRA actions, such as the instant action, are conferred upon the Court pursuant to 29 U.S.C. §§ 1132, 1145, and 185, which provide that an action may be brought in any district court of the United States in which the relevant benefit plan is administered, where the alleged breach took place, or where a defendant resides or may be found. Here, jurisdiction and venue are proper because the Funds are administered in this district. *See* Compl. (Dkt. No. 1) ¶¶ 5-8.

### IV. Standard

Default judgment is appropriate if the well-pleaded allegations of the complaint establish that the plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006). By defaulting, the defendant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, 2016 WL 1714877, at *2 (E.D.

Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Because defendants have not answered or otherwise timely responded, the well-pleaded allegations of fact in the Complaint are deemed to be admitted.

## V. Analysis

Having examined the record, the undersigned finds that the well-pleaded allegations of fact contained in the Complaint—and supported by the Funds' motion for default judgment, declarations, and exhibits—establish that JTL Mechanical is an alter ego for JTL Air; defendants failed to pay contributions for the period of October 2014 through December 2015 and for the period of January 2016 through December 2018; and defendants failed to make payment on the November 2016 Judgment. Defendants' failure to make proper contributions, submit timely remittance reports, and pay the balance of the November 2016 Judgment is in violation of the Agreement, the Trust Documents, Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1332(a)(3) and 1145, and Section 301 of LMRA, 29 U.S.C. § 185, and the Funds are entitled to default judgment in their favor and the requested relief as detailed below.

### a. Alter Ego

JTL Air and JTL Mechanical are alter egos. The Fourth Circuit delineated a standard for determining whether an alter ego status should be imposed: (1) whether "substantially" the same entity controls both the old and new employer; and (2) whether the transfer resulted in an expected or reasonably foreseeable benefit to the older employer "related to the elimination of its labor obligations." *Alkire v. N.L.R.B.*, 716 F.2d 1014, 1020 (4th Cir. 1983). "Thus, 'the focal criteria of alter-ego analysis are the ensuing degree of control that the employer exerts over the operations of the new employing entity and the foreseeable ensuing benefit it secures as a result of purging its labor commitments.'" *N.L.R.B. v. Kodiak Elec. Co., et al.*, 70 Fed. Appx. 664, 667 (4th Cir. 2003)

7

(quoting *N.L.R.B. v. McAllister Bros., Inc., et al.*, 819 F.2d 439, 444 (4th Cir. 1987)). This court has applied that standard to ERISA delinquent contribution matters. *See, e.g.*, *Board of Trustees, et al. v. Gillis Sheet Metal, Inc., et al.*, 2010 WL 4025033, at *2 (E.D. Va. Sept. 21, 2010) (adopting *Alkire*'s standard for determining a company's alter ego status in an ERISA context).

The Funds satisfy the first prong, whether substantially the same entity controls both the old and new employer. At the outset, the Funds allege that JTL Air and JTL Mechanical were both incorporated in Florida. Compl. (Dkt. No. 1) ¶¶ 15-16; Anderson Declr. (Dkt. No. 8-1) ¶¶ 8-9. Additionally, JTL Air and JTL Mechanical shared an interrelation of operations, common management, centralized control of labor relations, business purpose, equipment, customers, and common ownership, including: (1) having Jeffery T. Lane as the President for both defendants; (2) having Elizabeth E. Lane as the principal officer for both defendants; (3) employing the same or similar classification of employees, who have the same or similar training; (4) overlapping workforce, where some employees work interchangeably between defendants; (5) performing the same type of work in the same industry and in the same geographic market; and (6) sharing the same address listed on their corporate filings. Compl. (Dkt. No. 1) ¶ 17; Anderson Declr. (Dkt. No. 8-1) ¶ 10. This court has previously found that similar facts establish that companies are controlled by the same entity for alter ego purposes. *See, e.g.*, *Gillis*, 2010 WL 4025033, at *2 (finding that defendants were jointly liable under ERISA as alter egos because they were owned by the same person, managed by the same members, "operate[d] out of the same location, engage[d] in the same business, serve[d] the same types of customers, and use[d] the same equipment").

Second, the Funds established that JTL Mechanical was created for the purpose of evading JTL Air's obligations under the Agreement. In a separate action, the Funds obtained a default

judgment against JTL Air on December 16, 2016 for $102,028.78. Braswell Declr. (Dkt. No. 8-2) ¶¶ 3-4. In March 2017, the Funds filed a garnishment action on JTL Air's bank accounts with BB&T to collect on the judgment. *Id.* at ¶ 5. That same month, Mr. Lane, JTL Air's President, incorporated a new entity, JTL Mechanical. *Id.* at ¶ 8. The Funds sent Mr. Lane a demand regarding the garnishment action, to which he responded that the Funds' audit was incorrect. *Id.* at ¶ 6; *see also* Braswell Declr., Ex. 1 (Dkt. No. 8-2) 4. The bank was holding $1,177.87 in JTL Air's account, which was then transferred to the Funds. Braswell Declr. (Dkt. No. 8-2) ¶ 7. Accordingly, the creation of JTL Mechanical resulted in an expected or reasonably foreseeable benefit to JTL Air by eliminating its labor obligations. Specifically, by performing the same work in the same industry with the same employees as JTL Air but as a non-union operation, JTL Mechanical does not have to provide benefits pursuant to the Agreement, such as pension obligations. *See, e.g.*, *Gillis*, 2010 WL 4025033, at *2 (finding the second prong satisfied because the owners and operators of the defendant company "would avoid contractual and statutory obligations to plaintiffs by the transfer of operations to [the new company] if there is no continuing liability").

Accordingly, the Funds satisfy both elements—that the same entity controls both JTL Air and JTL Mechanical and that it was reasonably foreseeable that JTL Mechanical would receive the benefits of being free from JTL Air's liabilities. As an alter ego, JTL Mechanical is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), bound to the Agreement, and, as a result, the undersigned finds JTL Mechanical jointly and severally liable for JTL Air's obligations.

      **b.**    **Failure to Make Timely Payments (Counts I-III)**

As set forth in the motion for default judgment, JTL Air owes the Funds payments based on three categories: amounts owed pursuant to an audit for October 2014 through December 2015;

9

amounts owed pursuant to remittance reports for January 2016 through December 2018; and amounts owed pursuant to the November 2016 Judgment.

ERISA Section 515 provides that in any action brought to enforce payment of delinquent contributions in which a judgment in favor of the plan is awarded, 29 U.S.C. § 1145, the court shall award the plan:

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the great of –

(i) interest on the unpaid contributions, or
(ii) liquidated damages provided for under the plain in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); *see also* 29 U.S.C. § 185(a) (providing a separate, but overlapping, basis for relief). In support of their claim for damages, the Funds submitted a declaration from Mr. Anderson with the motion for default judgment in support of the delinquent contributions, liquidated damages, auditing testing, and interest (Dkt. No. 8-1).

As a result of the audit for the period of October 2014 through December 2015, JTL Air owes $127,126.90[2] in contributions; interest assessed at a rate of 0.0233% per day, compounded

---

[2] The Funds allege $127,126.90 in contributions; however, the supporting documents demonstrate $127,126.98 in contributions. Under Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Accordingly, because this amount does not exceed the amount pleaded in the Complaint, the Funds may properly seek $127,126.90 in contributions.

daily, from the date due through February 15, 2019, in the amount of $45,366.77;[3] and liquidated damages, calculated at 20% of the delinquent contributions, in the amount of $25,425.38.[4] Anderson Declr. (Dkt. No. 8-1) 6; *see also* Ex. 6 (Dkt. No. 8-1) 86-89. Additionally, the Funds allege that JTL Air is also responsible for the payment of $1,230.00 in audit testing fees pursuant to the Agreement and Section 1 of the Collections Policy. *Id.*; *see also* Ex. 2, Art. VII, Section 14.5 (Dkt. No. 8-1) 17 ("If the audit reveals that inaccurate contributions or an insufficient number of contributions have been made, the Employer agrees to pay all accountants' fees incurred in making[] the audit . . . ."). In total, JTL Air owes $199,149.05 to the Funds pursuant to the audit.

Because JTL Air failed to submit remittance reports, the Funds allege the amounts owed for January 2016 through December 2018 are estimated using the hours worked in December 2015 as confirmed by the audit. Anderson Declr. (Dkt. No. 8-1) ¶ 23. Accordingly, JTL Air owes an estimated $49,046.36 in contributions; interest assessed at a rate of 0.0233% per day, compounded daily, from the date due through February 15, 2019, in the amount of $6,559.18; and liquidated damages, calculated at 20% of the delinquent contributions, in the amount of $9,809.27, totaling to $65,414.81. *Id.* at ¶ 24; *see also* Ex. 6 (Dkt. No. 8-1) 90-91.

Default judgment was entered against JTL Air on November 2, 2016 in the amount of $16,633.48. Anderson Declr. (Dkt. No. 8-1) 8; *see also* Ex. 7 (Dkt. No. 8-1) 93-97. Accordingly, the Funds seek the judgment amount plus "post judgment interest" but do not specify an amount

---

[3] Similarly, the Funds allege $45,366.77 in interest; however, they previously asserted $45,458.94 in the Complaint. Accordingly, because this amount does not exceed the amount pleaded in the Complaint, the Funds may properly seek $45,366.77 in interest.

[4] Again, the Funds allege $25,425.38 in delinquent contributions; however, they previously asserted $25,425.40 in the Complaint. Although it appears that the Funds miscalculated the liquidated damages figure in the Complaint, they did explicitly state that such damages would be calculated at 20% of the delinquent contributions. Accordingly, this provides sufficient notice to defendants regarding the amount of liquidated damages.

11

in interest. Because the Funds fail to state a specific amount in interest, the undersigned does not recommend granting the Funds post-judgment interest.[5]

As stated above, because JTL Mechanical is an alter ego of JTL Air, it is jointly and severally liable for the above-mentioned payments. For these reasons, the undersigned recommends that a default judgment be entered in favor of the Funds against defendants on Counts I, II, and III in the Complaint in the amounts shown below:

| | |
|---|---|
| Delinquent Contributions | $176,173.26 |
| Liquidated Damages | $35,234.65 |
| Accrued Interest (2/15/2019) | $51,925.95 |
| Audit Testing Fees | $1,230.00 |
| November 2016 Judgment | $16,633.48 |
| ***Total*** | **$281,197.34** |

c.   **Attorney's Fees and Costs**

Lastly, the Funds submitted a declaration from Ms. Barnes in support of their request for attorneys' fees and costs (Dkt. No. 8-3). As stated in the declarations, the total amount of fees incurred is $6,148.00 for 26.6 hours of attorney and paralegal time and the amount of costs requested is $1,264.01 for the filing fees, service of process fees, copying, and postage. Barnes Declr. (Dkt. No. 8-3) ¶¶ 5-6; *see also* Ex. 2 (Dkt. No. 8-3) 23-33. The undersigned has reviewed the declarations and the supporting documentation and recommends that the court find that the

---

[5] Additionally, in the Funds' memorandum in support of their motion for default judgment, they only seek $281,197.34 for October 2014 through December 2018. Pls. Br. (Dkt. No. 8) 15. Therefore, they did not account for a specific amount in interest payments.

$6,148.00 request for fees and $1,264.01 for costs by the Funds as reasonable and should be paid by defendants, totaling to $7,412.01.

## VI. Recommendation

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of the Funds against defendants on Counts I, II, and III of the Complaint in the amount of **$288,609.35.**

## VII. Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to defendants at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

June 4, 2019
Alexandria, Virginia